UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITAION, et al.,<br><br>Defendants. | No. 2:17-cv-1329 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On November 15, 2017, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The complaint was dismissed with leave to amend. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if, among other things, the prisoner has raised claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-4 (2007), and construe the

/////

1

complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the court's November 15, 2017 order dismissing his complaint, plaintiff was informed as follows concerning the contents of any amended complaint:

> Plaintiff seeks injunctive relief with respect to the mental health treatment he is receiving while in the California Department of Corrections and Rehabilitation. However, plaintiff has not made clear the sort of changes he seeks nor why his current treatment amounts to a violation of federal law. The court notes that plaintiff mostly complains about treatment at the California Medical Facility, but when plaintiff filed his complaint he was housed at North Kern State Prison, and is now housed at the California Health Care Facility. If plaintiff seeks injunctive relief in an amended complaint, he must explain exactly what sort of relief he seeks and the basis for the relief. He must also identify a defendant, such as a primary care physician, whom the court can order to provide the relief requested.
>
> To the extent plaintiff seeks damages in an amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his amended complaint, plaintiff asks that the court order officials at the California Health Care Facility (CHCF) to provide him with enhanced "mental health treatment." Under the Eighth Amendment, plaintiff, as a prisoner, cannot be subjected to cruel and unusual punishment. With respect to the provision of medical care, denial or delay of medical care may constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official who denies medical care will be liable under the Eighth Amendment when injury results from at least deliberate indifference to a prisoner's serious medical needs. Id.

It appears plaintiff wishes to be involved in more mental health related programming at CHCF. But plaintiff does not point to facts indicating that the level of treatment he receives now amounts to cruel and unusual punishment. In particular, plaintiff does not allege mental health practitioners are indifferent to his issues, that he is denied access to practitioners, or that he is denied medication.

2

For these reasons, plaintiff's amended complaint does not include facts suggesting he has been subjected to cruel and unusual punishment. Therefore, the amended complaint must be dismissed. The court will, however, grant plaintiff one more opportunity to amend.

In attempting to state a claim under the Eighth Amendment, plaintiff should refer both to this order and the court's November 15, 2017 order. Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is informed that his identification of "Primary Care Physician" as the defendant in his amended complaint is not appropriate. While such a defendant would be appropriate in an action for injunctive relief, the person must be identified by name so that he or she may be served by the U.S. Marshal. The Warden at the CHCF would be an appropriate defendant whom plaintiff does not have to identify by name since it is clear who that person is.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure

/////
/////
/////
/////
/////

to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 13, 2018

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
cana1329.14(2)